United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER SOLIMAN,<br>Plaintiff,<br>v.<br>WONDWOSSEN MEKBEB, et al.,<br>Defendants. | Case No. 26-cv-07125-JSC<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Plaintiff sued Defendants in this federal court on July 13, 2026. (Dkt. No. 1.)[1] As "courts of limited jurisdiction[,]" federal courts can only act when they have subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although the party asserting jurisdiction has the burden of establishing jurisdiction, *see id.*, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Subject matter jurisdiction arises from either federal question jurisdiction or diversity jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To invoke federal question jurisdiction, the complaint must allege the "action[] aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (cleaned up). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1089 (quoting *Caterpillar, Inc.*, 482 U.S. at 392). So, "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citation omitted).

Plaintiff alleges this Court has subject matter jurisdiction "pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this case arises under 42 U.S.C. § 1983." (Dkt. No. 1 ¶ 10.) However, Plaintiff's alleged causes of actions are breach of contract, malicious prosecution, civil conspiracy, libel per se, slander per se, defamation per se, abuse of process, and intentional infliction of emotional distress. (*Id.* ¶¶ 47-94.) Each of these causes of action is based on state law and the Complaint does not allege facts that show they "necessarily turn[] on some construction of federal law." *Gutierrez*, 277 F.3d at 1088 (cleaned up). And although Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1343(a)(3)-(4) "because this case arises under 42 U.S.C. § 1983," (Dkt. No. 1 ¶ 10), Plaintiff has not actually alleged a cause of action arising under 42 U.S.C. § 1983. Nor has Plaintiff named a state government defendant. So, no "federal question is presented on the face" of Plaintiff's complaint, *Gutierrez*, 277 F.3d at 1089, and Plaintiff has not adequately alleged the Court has federal question jurisdiction.

Alternatively, Plaintiff could allege diversity subject matter jurisdiction by alleging complete diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a)(1). To have complete diversity of citizenship, "no plaintiff may be from the same state as any defendant." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025) (citation omitted). Here, because Plaintiff alleges he and Defendants are all citizens of California, (Dkt. No. 1 ¶¶ 1-4), Plaintiff has not alleged complete diversity of citizenship. So, the Court does not have diversity subject matter jurisdiction.

Because Plaintiff has not plausibly alleged the Court has federal question or diversity jurisdiction, the Court appears to lack subject matter jurisdiction. Accordingly, on or before **August 7, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be

United States District Court
Northern District of California

dismissed for lack of subject matter jurisdiction. If Plaintiff does not file a response by that date, or cannot establish subject matter jurisdiction, the Court will dismiss Plaintiff's case without prejudice to Plaintiff refiling his claims in state court.

Finally, as Plaintiff is proceeding without counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: July 28, 2026

JACQUELINE SCOTT CORLEY
United States District Judge